## CUMMING v. BIOSSATT, Curator, et al.

Judgments or mortgages registered in the parish of the supposed domicil of a party, will not be affected by a subsequent discovery, made in running the boundary line, that the residence of the debtor was beyond the line, and within the adjoining parish. *Per Curiam : L'erreur commune fait le droit.*.

Where a mortgage on slaves has been recorded in the mortgage office of the place where the debtor had his domicil at the time of the inscription, his subsequent removal to another parish and acquisition of a domicil there, will not make it necessary to register the mortgage in the parish to which he removes, in order to preserve its effect.

APPEAL from the District Court of Rapides, *King*, J. *Hyman*, for the plaintiff, cited Civil Code, arts. 3314, 3318. *Hyams*, for the appellants. The judgment of the court was pronounced by

ROST, J. This is a third opposition, in which three several mortgage creditors claim to receive, by preference, the proceeds of the judicial sale of a slave.

In 1835, *Lewis Hoffman* and his wife, believing themselves to be domiciliated in the parish of Rapides, paying taxes and exercising their civil and political rights in said parish, executed in favor of the *Canal and Banking Company*, upon their homestead and a slave, a mortgage, which was duly recorded in the parish of their supposed domicil. The priority of this mortgage in the parish of Rapides is admitted. In 1838, *Biossatt* obtained against *Hoffman* a judgment, which was also recorded in the parish of Rapides. In 1841, *Hoffman* gave, upon the same slave, a mortgage, which was at first recorded in the parish of Rapides, and afterwards transferred to the present plaintiff, who, in 1842, had it recorded in the parish of Catahoula, where *Hoffman* had previously gone to reside. The slave was seized under the judgment of *Biossatt*, and the plaintiff, as well as the *Canal Bank*, claim from the sheriff the proceeds of the sale. The court below ordered the plaintiff to be paid by preference, and the other parties appealed.

The plaintiff asks the affirmance of the judgment on two grounds : 1st. That *Hoffman* never had his domicil in the parish of Rapides, and that the recording of mortgages in that parish against him, on the slave in controversy, could not affect the right of third persons. 2d. That his mortgage was the only one recorded in the parish of Catahoula, where *Hoffman* resided, and had his domicil, in 1842.

It is in evidence that the boundary line between the parishes of Rapides and Avoyelles, was run and marked by a surveyor after the removal of *Hoffman* to Catahoula, and that his house was found to be within the limits of the parish of

Avoyelles. The jurisdiction previously exercised over it by the parish of Rapides was the result of a common error, which, under the maxim of the law, " l'erreur commune fait le droit," cannot prejudice the rights acquired by mortgage creditors during its continuance.

The other ground involves a question of registry, which was new when raised in this suit. It has since been settled by two decisions of the Supreme Court, in which we concur. *Hooper* v. *Union Bank of Louisiana*, 10 Rob. page 63. *The New Orleans Improvement and Banking Company* v. *Jewett*, 11 Rob. page 20.

The reinscription in the parish of Catahoula was not necessary to preserve mortgages inscribed in the parish of Rapides, where *Hoffman* had his domicil, *de facto*, when the right of mortgage accrued.

It is therefore ordered that the judgment in this case be reversed, and that that the *Canal and Banking Company* be paid by preference out of the proceeds of the sale of the slave *York*, after deducting costs, the sum of $375, with interest at the rate of eight per cent per annum from the 20th May, 1843, until paid, and $4 for costs of protest. It is further ordered that if any surplus remain, it be paid over to the seizing creditor, *Biossatt*, up to the amount of his judgment, interest and costs. It is further ordered that if any balance remain after those two claims are satisfied, it be paid over to the plaintiff; and that the said plaintiff pay the costs in both courts.